Pleading and practice; interlocutory review of trial judge’s denial of discovery motions and issuance of protective order. — On March 14, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
This case is before the court on defendant’s request for interlocutory review, pursuant to Rule 53(c), of three decisions of Trial Judge White relating to discovery. The trial judge entered orders on February 5, 1980, denying defendant’s motions for additional discovery and granting plaintiffs motion for a protective order.
The petition in this case, filed in April 1975, seeks tax refunds for 1970, 1971, and 1972. After some pretrial activities, the parties suspended proceedings to submit cross-motions for summary judgment. The court denied those motions on June 29, 1979, and returned the case to the Trial Division.
After further pretrial proceedings, on December 28,1979, Trial Judge Browne, to whom the case was assigned, *654 scheduled a trial for January 29, 1980 in Austin, Texas, and February 20, 1980 in Washington, D.C. Defendant, however, requested an additional session in Phoenix, Arizona. Because Trial Judge Browne could not conduct the additional session, the case was transferred to Trial Judge White who then sought to arrange three other convenient dates. After Trial Judge Browne rescinded his trial order and Trial Judge White took over the case, defendant on January 18 and 24 filed motions for production of documents and for leave to file a request for admissions. Plaintiff responded by filing a motion for a protective order to avoid answering additional interrogatories. Trial Judge White denied defendant’s motions and granted plaintiffs motion.
The trial judge has not certified this issue for interlocutory review. Defendant therefore seeks relief from his orders under Rule 53(c)(2)(ii). Under that rule we can grant review only upon "a showing of extraordinary circumstances whereby further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties.”
Defendant has not made such a showing. It claims that the information is vital to the case, and that failure to obtain it will cause an undue financial burden on the parties and a waste of judicial resources. This argument assumes that the defendant will lose at trial, that this court will reverse, and that a second trial will be required. This is not the inevitable or even the likely result of the rulings at issue. Moreover, if the lack of the information the defendant now seeks proves prejudicial at trial, Trial Judge White presumably will take any action necessary to remedy the problem.
Ordinarily a party is not allowed to conduct discovery after a trial date has been set. Rule 71(c). It appears that defendant took advantage of a postponement of trial, which resulted from defendant’s own request for an additional session, to seek additional discovery. If, as defendant claims, it was surprised by plaintiffs final pretrial submission of November 30, 1979, and therefore needed additional discovery, it had almost a month to make the request prior *655 to the scheduling of trial dates. Defendant does not attempt to excuse this delay.
Under the circumstances, and considering the length of the proceedings in this case to date, Trial Judge White’s order does not create "extraordinary circumstances” requiring interlocutory review.
it is therefore ordered that the request for review under Rule 53(c)(2)(ii) is denied.